# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Chris Harold Cave,

    Plaintiff

v.

Clark County's Commission's Board Inc.,

    Defendant

2:17-cv-00962-JAD-CWH

**Order Denying Ex Parte Emergency Motion for Preliminary Injunction**

[ECF No. 3]

    Pro se plaintiff Chris Cave has filed a sealed "complaint and request for emergency temporary whistleblower protection injunction" and an emergency motion for preliminary injunction. He appears to request "sanctuary protection" while he investigates the Clark County Board of Commissioners for RICO violations. Because Cave has not pleaded any plausible claim, much less shown serious questions going to its merits, I deny the motion.

    The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[1] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[2] "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the

---

[1] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[2] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

other two *Winter* factors are satisfied."[3]

Cave does not explicitly plead any claims, and I am unable to tell from his rambling, wholly nonsensical allegations what claims, if any, he is attempting to assert. For example, Cave alleges that the Board has applied its "'Sword of Damocles' like imminent danger to likely life-ending potentialities, emanating from egregious nature of [the Board's] multi-bad-faith-malicious tactical polyfurcated brinkmanship legal assaults, via [the Board] setting loose their: subject to panoply of Directors Agents Associates and Representations to cover-up horrific vex."[4] The motion for preliminary injunction does not shed any light on Cave's claims or the purpose of this lawsuit. In it, he generally challenges this court's jurisdiction and argues that it is a "mere territorial court."[5] Because Cave fails to plead any claim, let alone show serious questions going to its merits, and he has not identified any irreparable harm that he is likely to suffer in the absence of injunctive relief, I deny the motion.[6]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cave's emergency motion for a preliminary injunction **[ECF No. 3] is DENIED.**

Dated this 12th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[4] ECF No. 1-1 at 3.

[5] *See* ECF No. 3.

[6] Cave also has not satisfied the additional requirements for obtaining preliminary injunctive relief without written or oral notice. *See* FED. R. CIV. PROC. 65(b)(1).